IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARON MOATS and
WILLIAM MOATS,

        Plaintiffs,

v.                                                    Civil Action: 3:06-cv-120

CITY HOSPITAL, INC.,
WEST VIRGINIA UNIVERSITY HOSPITALS-
EAST, INC.; GATEWAY REGIONAL HEALTH
SYSTEM, INC.; AND U.S. GOVERNMENT,

        Defendants.

**MEMORANDUM, OPINION, AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY HOSPITAL'S MOTION FOR REASONABLE EXPENSES**

On July 3, 2007, came Plaintiffs, by Gabriel A. Assad, by telephone, and Defendant City Hospital (hereinafter Defendant), by Christine Vaglienti, by telephone, for Defendant's motion for reasonable expenses (docket 47). The motion arises from Defendant's first motion to compel (docket 33). Defendant filed the motion after Plaintiffs did not respond to certain interrogatories and requests for production. Defendant requested reasonable expenses in the motion. Yet since Plaintiffs served responses before the hearing on the motion, the Court denied the motion to compel as moot (docket 46). The portion of the motion to compel dealing with reasonable expenses is now before the Court.

Interrogatories and requests for production are governed by Federal Rules of Civil Procedure 33 and 34. Both Rules provide that a party serving discovery requests make seek a motion to compel to force the served party to answer the discovery. Fed. R. Civ. P. 33(b)(5); 34(b). When a party answers a discovery request only after the other side files a motion to

1

compel, Rule 37(a)(4)(A) is relevant. That Rule states as follows:

> If the motion is granted or if the disclosure of requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

In Bryte v. American Household, Inc., 142 Fed. Appx. 699, 703 (4th Cir. 2005), the Fourth Circuit held that the definition of substantial justification enunciated by the Supreme Court in Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490, 504 (1988), which was a Social Security case, also applies to the definition of substantial justification in Rule 37. Other circuits had previously held likewise. See Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 765 (6th Cir. 2005); Pan Am. Grain Mfg. Co., Inc. v. P.R. Ports Auth., 295 F.3d 108, 116 (1st Cir. 2002); Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997). The Pierce court found to be substantially justified means a party is "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The standard is "satisfied there is a 'genuine dispute.'" Id.

In this case, the Court denied Defendant's motion to compel, but only because Plaintiffs served discovery responses after it was filed. Since the motion to compel sought to compel answers to discovery responses not answered at all, the answers made the motion moot. Under the Rules, however, the portion of the motion to compel dealing with reasonable expenses is not moot. Fed. R. Civ. P. 37(a)(4)(A).

Defendant is entitled to reasonable expenses unless Plaintiffs' failure to respond was "substantially justified," special circumstances make the award unjust, or Defendant failed to meet and confer before filing the motion. Fed. R. Civ. P. 37(a)(4)(A). Plaintiffs make two arguments in their brief against reasonable expenses. First, they ask the Court to consider that this suit involves medical malpractice issues and obtaining some of the documents at issue from healthcare institutions is difficult. Plaintiffs state they did the best they could to answer the discovery requests within the limited time available. Second, Plaintiffs contend Defendant failed to meet and confer as required by the Federal and Local Rules. The Court will now consider these arguments.

First, the fact that some medical records may be difficult to obtain did not justify Plaintiffs in providing no answer at all to Defendant's discovery requests. Rule 33, which concerns interrogatories, clearly provides that interrogatories are to be answered within thirty days of service unless the Court directs otherwise or the parties agree to a different date. Fed. R. Civ. P. 33(b)(3). Rule 34 provides the same time table for requests for production. Fed. R. Civ. P. 34(b). Rule 6 normally gives a party three additional days to respond. Fed. R. Civ. P. 6(e). Defendant served Plaintiffs with interrogatories and requests for production on March 12, 2007. This meant Plaintiffs had until April 14 to respond. Yet since April 14 was a Saturday, they had until April 16. Fed. R. Civ. P. 6(a). Plaintiffs did not serve any response within this deadline. Instead, Plaintiffs waited until May 11 to respond. If Plaintiffs knew they could not answer within the time period prescribed by the Rules, they should have requested more time from the Court or from Defendant. Fed. R. Civ. P. 33(b)(3); 34(b). Plaintiffs' plain violation of the time set by the Rules was not substantially justified.

The Court now considers whether Defendant followed the meet and confer requirement of the Rules before filing its motion to compel. Rule 37 provides that when a party files a motion to compel, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). The Local Rules provide greater detail. They state that before a motion is filed, "counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting." L.R. Civ. P. 26.04(b).

The record indicates Defendant sent Plaintiffs' counsel several unanswered letters before filing the motion to compel. On March 5, 2007, Defendant's counsel sent Plaintiffs' counsel a letter regarding dates for the depositions of Plaintiffs. By another correspondence dated March 22, 2007, Defendant's counsel informed Plaintiffs' counsel it had received no response to its previous letter. Defendant's counsel then sent Plaintiffs' counsel a letter regarding the interrogatories and requests for production at issue in the motion to compel on April 19. The letter noted the time during which discovery responses were due had passed and asked Plaintiffs' counsel to provide responses within five days. The letter stated it should be considered an attempt to obtain responses without judicial involvement. There is no evidence Defendant's counsel attempted to arrange a telephone or in person meeting before filing the motion to compel.

A district court has significant discretion "to decide when a departure from its Local Rules should be excused or overlooked." Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1048

4

(2d Cir. 1991); see also Braxton v. Bi-State Dev. Agency, 728 F.2d 1105, 1107 (8th Cir. 1984). In Reidy v. Runyon, 169 F.R.D. 486, 489-91 (E.D.N.Y. 1997), a district judge upheld a magistrate judge's decision to grant a motion for sanctions even though the moving party did not comply with the formalities of the meet and confer requirement.  The court noted the failure to strictly adhere to meet and confer formalities had been excused where "the goal of discovery to encourage compromise is unlikely to be achieved." Id. at 491.  Similarly, in In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 351, 356 (N.D. Ill. 2005), the court held "The doctrine of futility is as applicable in the context of Rule 37 and Local Rule 37.2 as it is in any other."

Although Defendant's counsel did not comply with the strict letter of the Local Rules by failing to attempt to meet by telephone or in person before filing the motion to compel, the Court holds Defendant's counsel did not violate the Local Rules since any attempt to arrange an in person or telephone conversation was likely to go unanswered.  The Local Rules do not require litigants to suffer pointless formalities.  Accordingly, Defendant's formal non-compliance with the Local Rules does not bar it from receiving reasonable expenses.

Having determined Defendant may obtain reasonable expenses, the Court now turns to the question of the amount Defendant should receive.  The Court first notes the moving party bears the burden of proof. Kister v. Dist. of Columbia, 229 F.R.D. 326, 329 (D.D.C. 2005). Even if the movant meets its burden, the Court retains considerable discretion to adjust any fee in light of objections.  Id.

Attorney fees are "properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1543, 79 L. Ed. 2d 891, 895 (1984).  Parties "should exercise 'billing judgment'"

regarding the number of hours for which they seek compensation. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40, 53 (1983). This means that "Counsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434; see also Scham v. Dist. Courts Trying Crim. Cases, 148 F.3d 554, 558 (5th Cir. 1998) (stating that a party may also not seek compensation "for time that is excessive, duplicative, or inadequately documented"). The moving party "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437. Counsel is, of course, "not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." Id. at n.12.

In the discovery context, a party seeking attorney fees may only recover for time spent in preparing the discovery motion. Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002). The party may not recover for time spent in preparing the discovery requests leading to the motion. Id. "Discovery dispute or no, those fees would have been incurred." Id. However, a court may approve hours allegedly spent on underlying dispute where the time is not contested. Baulch v. Johns, 70 F.3d 813, 818 n. 8 (5th Cir. 1995). A court may disapprove uncontested time where it has personal knowledge counsel did not spend the time alleged on the case. McDonald v. McCarthy, 966 F.2d 112, 119 (3d Cir. 1992).

The rate an attorney should be paid per hour is "the prevailing market rates in the relevant community." Blum, 465 U.S. at 895. The important community "is ordinarily the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994). The actual rate charged by the petitioning attorney

6

is the starting point for determining a reasonable rate. Id. Affidavits from other attorneys may also be used to establish a rate is reasonable. Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 938 (Fed. Cir. 2000); Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). When no reasonable rate is established, the district court should exercise its discretion to determine a reasonable rate. Washington, 89 F.3d at 1036 (quoting Griffiths vs. Cigna Corp., 77 F.3d 462 (3d Cir. 1995) (unpublished)). A court may approve a rate sought with insufficient evidence where the non-moving party does not contest the rate. Baulch, 70 F.3d at 818 n. 8 (approving an uncontested rate, but declining to hold whether the rate was actually reasonable for the local market). In fact, one court has held that a "district court abused its discretion in reducing the uncontested market rate." Bankston v. Illinois, 60 F.3d 1249, 1256 (7th Cir. 1995).

Once a court determines the number of hours eligible for attorney fees, it should use the lodestar method to calculate the fee. Broccoli v. Echostar Communications Corp., 229 F.R.D. 506, 512 (D. Md. 2005). The lodestar number results from multiplying the number of hours eligible for fees times the fee rate. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L. Ed. 2d 439, 456 (1986).

The Court may award attorney fees and costs against either a party or counsel. Fed. R. Civ. P. 37(a)(4)(A). However, "In the absence of any evidence indicating that . . . [the party] itself was responsible for the sanctionable conduct, the Court will impose the sanctions against the law firm" of defense counsel. DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 693 n. 56 (D. Kan. 2004); see also Sonnino v. Univ. of Kan. Hosp. Auth., 220 F.R.D. 633, 656 n. 91 (D. Kan. 2004).

In this case, Defendant has sought $616.19 in reasonable expenses. Defendant arrives at this number by billing six hours of work at ninety dollars per hour, plus $76.19 in travel expenses. Plaintiffs have objected to some of the expenses. First, Plaintiffs contend Defendant should not be able to bill for time spent in drafting a letter to Plaintiffs' counsel regarding overdue discovery responses. Defendant billed .3 hours for this. Second, Plaintiffs ask the Court to strike time spent reviewing the Court's order regarding a hearing on the motion to compel. Defendant billed .1 hours for this. Third, Plaintiffs argue Defendant may not bill for time spent corresponding with Plaintiffs' counsel regarding the hearing on the motion to compel. Defendant billed .8 hours for this. Finally, Plaintiffs contend the Court should not allow Defendant to bill for traveling time between Morgantown to Wheeling. Defendant billed 2.5 hours for this, plus an additional $76.19 in travel expenses.

The Court first notes Plaintiffs have not contested the rate of ninety dollars per hour. This rate will therefore apply. Baulch, 70 F.3d at 818 n. 8.

The Court now turns to the objections Plaintiffs have raised. The Court agrees with Plaintiffs that Defendant should not be able to bill for time drafting a letter to Plaintiffs' counsel regarding overdue discovery responses. This step was required before filing a motion to compel. The Rules require a party meet and confer in an attempt to avoid the need to file a motion to compel. This time is therefore outside the scope of the motion to compel and the .3 hours spent on it is disallowed. Tollett, 285 F.3d at 368. On the other hand, the Court allows the time spent reviewing the Court's order regarding a hearing on the motion to compel. This time would not have been necessary but for the motion to compel. The Court also permits the time Defendant's counsel spent corresponding with Plaintiffs' counsel regarding the impending hearing on the

motion for the same reason. However, the Court agrees with Plaintiffs that the 2.5 hours Defendant's counsel spent traveling to Wheeling for the hearing should not be allowed. Defendant has an obligation to minimize expenses for Plaintiffs. Hensley, 461 U.S. at 434. Defendant could have attended the hearing by telephone, as Plaintiffs did, which would have saved the travel expenses. This also means Defendant's travel expenses of $76.19 are disallowed. The remainder of the time Defendant has sought compensation for is permitted.

The Court now applies the lodestar method to determine the precise fee Defendant should receive. Broccoli, 229 F.R.D. at 512. The Court has permitted 3.2 hours of the time Defendant has sought. Multiplied by the rate of ninety dollars per hour, this results in a fee of $288.

Therefore, Defendant's motion for reasonable expenses is GRANTED IN PART and DENIED IN PART. Gabriel A. Assaad and Paulson & Nace shall be responsible for paying $288 to Defendant within thirty days from the date of this order.

IT IS SO ORDERED.

Any party may, within ten (10) days after being served with a copy of this order, file with the Clerk of the Court written objections identifying the portions of the order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this order. Filing a motion to stay this order does not stay this order. In the absence of an order from the district court staying this order, all parties must comply with this order in a timely fashion as set forth herein.

DATED: August 2, 2007

                                                                                   <u>/s/ James E. Seibert</u>
                                                                                   JAMES E. SEIBERT
                                                                                   UNITED STATED MAGISTRATE JUDGE