THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

SHARON MOATS and
WILLIAM MOATS,

    Plaintiffs,

v.                                      Civil Action No.    3:06CV120
                                                    (Judge Bailey)

CITY HOSPITAL, INC.; WEST
VIRGINIA UNIVERSITY HOSPITALS-
EAST, INC.; GATEWAY REGIONAL
HEALTH SYSTEM, INC.; and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS CLAIM OF WILLIAM MOATS

On this day the above styled matter came before the Court for consideration of the Motion to Dismiss Claim of William Moats against the United States of America for Lack of Subject Matter Jurisdiction (Doc. 83). The motion is based upon the fact that plaintiff William Moats did not assert an administrative claim against the United States for consortium as required by 28 U.S.C. § 2675(a). Mr. Moats does not dispute the fact that he failed to file an administrative claim, but contends that his consortium claim is so related to the claims of his wife that this Court should exercise supplemental jurisdiction of the claim. This Court finds that Mr. Moats was required to file an administrative claim and that his failure to do so deprives this Court of jurisdiction to hear the claim.

Exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). ***Plyer v. United States***, 900 F.2d 41, 42 (4th Cir. 1990).

In ***DuPont v. United States***, 980 F.Supp. 192 (S.D. W.Va. 1997), Judge Goodwin addressed an identical issue. The court held that a consortium claim is a separate, independent claim which must be submitted for administrative review before an action may be filed. The court further held that "a spouse may not presume that his or her independent claim is automatically raised or implied in the administrative claim of the other spouse." 980 F.Supp. at 196.

In accord with ***DuPont*** are ***Miller v. United States***, 157 F.Supp. 1071, 1074-75 (S.D. Iowa 2001), ***Poynter v. United States***, 55 F.Supp.2d 558, 564 (W.D. La. 1999), ***Manko v. United States***, 830 F.2d 831, 840 (8th Cir. 1987), and ***Rucker v. United States Dep't of Labor***, 798 F.2d 891, 893 (6th Cir. 1986).

The plaintiffs' reliance on ***Exxon-Mobil Corporation v. Allapattah Services***, 545 U.S. 546 (2005) is misplaced. Nothing in ***Exxon-Mobil*** addressed or altered the administrative exhaustion requirement.

For the reasons stated herein the Motion to Dismiss Claim of William Moats against the United States of America for Lack of Subject Matter Jurisdiction (Doc. 83) filed by the United States is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.

**DATED** this 15th day of January, 2008.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE